# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN MCKOWN, | ) |
|           Movant, | ) |
| vs. | ) Case No. CIV-17-1339-M |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
|           Respondent. | ) |

## ORDER

Before the Court is movant Alan McKown's ("McKown") Motion to Quash Administrator Subpoena and Application to Enjoin Governmental Authority from Obtaining Financial Records Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("Motion to Quash"), filed December 14, 2017. On January 17, 2018, the United States filed its response. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

A Customer Notice dated December 8, 2017 was mailed to McKown by the United States Department of Justice ("DOJ") pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422 ("RFPA"). The Customer Notice informed McKown that the DOJ has issued a subpoena duces tecum dated November 27, 2017 ("Subpoena") to American National Bank.[1] McKown is a customer of American National Bank in his individual capacity as a joint account holder with his spouse and in his capacity as an officer/shareholder/member of other entities. The

---

[1] The Subpoena was issued on November 27, 2017, but as of the date of the United States' response, the Subpoena had not been served on American National Bank.

Subpoena seeks financial records to investigate possible violations of state and federal law related to health care fraud.

II. Discussion

McKown now moves this Court to quash the Subpoena and enjoin the DOJ from obtaining his financial records. McKown asserts that the Subpoena is improper on its face based upon the timing of the requested production and the date the Customer Notice was mailed to him. McKown further asserts the financial records at issue are not sought for a lawful purpose relevant to the investigation. Finally, McKown asserts that the financial records sought are not reasonably described nor is the scope of the investigation reasonably tailored to put McKown on notice of what in fact may be relevant to a legitimate inquiry.[2]

A. Standard

Section 3410 of the RFPA provides district courts with the following standard to assess the merits of a motion to quash:

> If the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced. If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and

---

[2] McKown also asserts that the DOJ is seeking his financial records held in joint tenancy, held in trust, or not owned at all by him and that providing records of customers which were not notified of the Subpoena violates their due process rights and their financial privacy as provided in the RFPA. The Court, however, finds that McKown does not have standing to move to quash the Subpoena as to the production of financial records relating to the loans because he is not the obligor on the loans. Additionally, the Court finds that McKown cannot quash the Subpoena as to non-customers under the RFPA; limited liability companies and trusts are not customers under the RFPA. *See* 12 U.S.C. § 3401(4),(5); *Hohman v. United States*, No. 16-CV-11429, 2017 WL 2954713, at *6 (E.D. Mich. 2017); *In re Porras*, 191 B.R. 357, 359 (Bankr. W.D. Tex. 1995).

> a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

12 U.S.C. § 3410(c).

### B. Timing

Pursuant to the RFPA, a copy of the subpoena must be served upon the customer or mailed to his last known address on or before the date on which the subpoena was served on the financial institution. *See* 12 U.S.C. § 3405(2). Because the Subpoena has not been served on American National Bank, the Court finds that the Customer Notice mailed to McKown was timely and the Subpoena should not be quashed on this basis.

### C. Lawful purpose

The RFPA provides that in order for financial records to be obtained, there must be "reason to believe that the records sought are relevant to a legitimate law enforcement inquiry". 12 U.S.C. § 3405(1). The term "law enforcement inquiry" is defined as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." 12 U.S.C. § 3401(8). Additionally, pursuant to 18 U.S.C. § 3486(a), the United States Attorney General or his designee is authorized to issue an administrative subpoena requiring "the production of any records or other things relevant to the investigation" of a "Federal health care offense." Having carefully reviewed the parties' submissions, the Court finds that the DOJ's investigation into the laboratory at issue is a legitimate law enforcement inquiry.

> An agency can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant.

*Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) (internal quotations and citation omitted). Having carefully reviewed the United States' detailed response, the Court finds that there is a reasonable belief that the records sought are relevant to the law enforcement inquiry into the laboratory. Specifically, the Court finds that the records sought touch on a matter under investigation and, thus, are relevant to the DOJ's investigation.

D.     Reasonably described

The RFPA requires that when the government seeks to obtain financial records of any customer from a financial institution, the financial records must be reasonably described. *See* 12 U.S.C. § 3402. Having carefully reviewed the Subpoena, the Court finds that the financial records sought are reasonably described. In fact, the Subpoena specifically sets forth the eight types of financial records sought, the eight accounts for which McKown has signature authority and from which the records are sought, and the time frame from which the records are sought. The Court finds this is a reasonable description with a limited scope and time frame that will permit American National Bank to produce particularized responsive documents.

III.     Conclusion

For the reasons set forth above, the Court DENIES McKown's Motion to Quash [docket no. 1] and ENFORCES the DOJ's administrative subpoena to American National Bank.

**IT IS SO ORDERED this 16th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE